UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARVIE LEE HILL,<br><br>                     Petitioner,<br>v.<br><br>STATE OF NEVADA, et al.,<br><br>                     Respondents. | Case No. 2:25-cv-00968-GMN-DJA<br><br>ORDER |

        Petitioner has submitted a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. ECF No. 1.  Petitioner has not paid the filing fee ($5.00) or filed an Application to Proceed *In Forma Pauperis*.  Because this matter has not been properly commenced, it will be dismissed without prejudice to bringing a new action.

        Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court.  Under 28 U.S.C. § 1915(a)(1) and the Court's Local Rule, LSR 1-1, a habeas petitioner unable to pay the filing fee must file an Application to Proceed *In Forma Pauperis* on the form provided by the Court and must include a financial affidavit disclosing the applicant's income, assets, expenses.[1]

        In addition to Petitioner's failure to pay the filing fee, it appears that the sentences imposed for the convictions she seeks to challenge have expired. *See* ECF No. 1 at 7-8.  If so, this Court may not have jurisdiction to invalidate those convictions in a habeas proceeding. *See*

---

[1] Because Petitioner is no longer incarcerated, she is not required to provide an inmate account statement or a financial certificate with her application. *See* Local Rule, LSR 1-2.

*Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack."). Thus, in deciding whether to file a new habeas action, Petitioner should consider whether she can demonstrate a "genuine restraint on liberty" sufficient to meet the "in custody" requirement under § 2254. *See Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998).[2]

      IT IS THEREFORE ORDERED that this action is dismissed without prejudice to the filing of a petition in a **new** action with either the $5.00 filing fee or a properly completed Application to Proceed *In Forma Pauperis*. The Clerk of Court is kindly directed to close this case.

      IT IS FURTHER ORDERED that a Certificate of Appealability is denied as jurists of reason would not find the Court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

      IT IS FURTHER ORDERED that the Clerk is kindly directed to send Petitioner two copies each of the forms for an Application to Proceed *In Forma Pauperis* **for non-inmates** and a noncapital Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, one copy of the instructions for each form, and a copy of the papers that she submitted in this action.

      DATED THIS  5  day of  June , 2025.

_____
UNITED STATES DISTRICT JUDGE

---

[2] For example, the Ninth Circuit has held that the conditions of a Nevada petitioner's lifetime supervision as sex offender, which included a $30 monthly fee, electronic monitoring, approval of his residence by parole officer, and keeping his parole officer informed of his current address, did not place the petitioner "in custody" for the purposes of § 2254. *See Munoz v. Smith*, 17 F.4th 1237, 1238-39 (9th Cir. 2021).